**AND NOW,** this 16th day of December, 2008, the Motion to Dismiss for Mootness is **GRANTED.**

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Thomas W. GRAHAM, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 16, 2008.

## ORDER

PER CURIAM:

**AND NOW,** this 16th day of December, 2008, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by Petitioner, is:

Did the Superior Court err in affirming the lower court's decision regarding the grading of count four burglary as a felony of the first degree, burglary of an occupied structure, when the facts clearly indicate that the structure was unoccupied at the time of the burglary and had not yet been adapted for overnight accommodation; and whether the Superior Court has misapplied the plain meaning of 18 Pa.C.S. § 3501 by relying on *Commonwealth v. Nixon,* 801 A.2d 1241 (Pa.Super.2002)?

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Alnardo RODRIGUEZ, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 16, 2008.

## ORDER

PER CURIAM.

**AND NOW,** this 16th day of December 2008, the Petition for Allowance of Appeal is **GRANTED.** The Order of the Superior Court is **VACATED** and the matter is **REMANDED** to the Superior Court with direction to **REMAND** to the Court of Common Pleas of Philadelphia County for evidentiary hearings, if necessary, to determine the responsibility for the absence of transcripts from the record certified for appeal.

If it is determined that the absence is attributable to the failure of petitioner to comply with the Rules of Appellate Proce-

dure, the June 1, 2007 Order of the Superior Court shall be reinstated. If it is determined that the absence is attributable to court personnel, the Superior Court shall resolve on the merits the issue raised in the appeal, which was previously treated as waived. *See Commonwealth v. Hershberger*, 596 Pa. 571, 946 A.2d 681 (2008) (citation omitted).